The Chicago and Northwestern Railway Company

*v.*

The People *ex rel.* Chilton, County Collector.

*Opinion filed February 19, 1900.*

1. Taxes—*when judgment for road tax is unauthorized.* A judgment for road taxes is unauthorized where the highway commissioners prepared their statement under section 119 of the Road and Bridge act, applicable to towns adopting the labor system, but delivered it to the town clerk instead of the supervisor, who then proceeded in accordance with section 16 of said act, applicable to towns *not* adopting such system.

2. Same—*commissioners' statement not presented to board does not authorize judgment.* A statement of the amount needed for road taxes, made by the highway commissioners, which was not presented to the supervisors nor filed with the county clerk, but which remained on file with the town clerk until the trial, does not, of itself, authorize judgment for the tax.

3. Same—*commissioners' statement must be presented to the board.* The action of the court, on application for judgment for road taxes, in permitting the highway commissioners' statement to be presented to the supervisor, who then filed it with the county clerk, does not cure non-compliance with section 119 of the Road and Bridge act, requiring that such statement be submitted to the supervisors.

4. Same—*when road tax cannot be sustained though approved by the supervisors.* A road tax for a town which has adopted the labor system cannot be sustained, though the supervisors may have approved and the county clerk extended the tax certified by the town clerk under section 16 of the Road and Bridge act, applicable to towns not adopting such system, where the record affirmatively shows that the highway commissioners' statement was never before the board of supervisors.

5. Appeals and Errors—*when objection to road tax must prevail though not in writing.* A contention that an invalid road tax must be

upheld, on appeal, because the objector failed to sustain his written objection, cannot prevail, where the fatal objection to the tax, though not in writing, was argued in the court below on its merits, and acted upon without any application being made to limit the trial to the written objections.

APPEAL from the County Court of Stephenson county; the Hon. W. N. CRONKRITE, Judge, presiding.

BARGE & BARGE, for appellant.

OSCAR E. HEARD, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This appeal is brought to reverse the judgment of the county court whereby appellant's objection to judgment against its land for a delinquent road and bridge tax of the town of Lancaster was overruled and judgment and order of sale entered. Said objection, filed in writing, as required by the statute, stated that the levy of the tax in question was void and the tax uncollectible "for the reason that the tax levy certificate is not signed by the commissioners of highways of said town, as is required by section 119 of the Road and Bridge law, said town being under the labor system."

The record shows that the town of Lancaster had adopted the labor system, and that the commissioners of highways, at their semi-annual meeting on Tuesday next before the September meeting, 1898, of the board of supervisors, "ascertained, voted and determined," and made and signed their written statement of, the amount necessary to be raised and the rate per cent,—that is, the rate of forty cents on each $100 of taxable property, as provided by said section 119, for the purposes mentioned in said section,—but instead of delivering the said statement (which showed on its face that it was made under said section 119) to the supervisor of the town to be laid before the county board, they delivered it to the town clerk to be by him delivered to said supervisor. The town

clerk did not, however, carry out the intention of the commissioners, but, evidently acting under section 16 of said act applicable to towns which had not adopted the labor system, filed the statement in his office and made and signed his own certificate, as follows:

"State of Illinois, ⎱
    *County of Stephenson,* ⎰ *ss.*
       *Town of Lancaster.*

"I, Irwin M. Glasser, town clerk of said town, do hereby certify that the commissioners of highways of said town did, on the sixth day of September, 1898, file in my office a certificate, (together with the consent of the board of town auditors and the assessor of said town,) in which they require the rate of forty cents on the $100 for road and bridge purposes and for the payment of any outstanding orders drawn by them on their treasury. (See sec. 15, Road and Bridge law.)

"Witness my hand this sixth day of September, A. D. 1898.
                     Irwin M. Glasser, *Town Clerk.*"

This certificate was filed in the office of the county clerk and laid before the county board. The statement of the commissioners was not laid before said board and was not presented to or filed in the office of the county clerk until the time of the trial of this case in the court below, when the court, against appellant's objection, permitted the commissioners to present it to the supervisor and the supervisor to file it in the office of said county clerk.

The statement of the commissioners filed in the office of the town clerk specified that the tax levied was "for making and repairing bridges; the payment of damages by reason of the opening, altering and laying out of new roads; the purchase of necessary tools and materials for working roads; the purchase of the necessary materials for building or repairing roads and bridges; the pay of overseers of highways, etc., as provided in section 119 of an act in regard to roads and bridges in counties under township organization, approved May 28, 1879, in force July 1, 1879." It clearly appears that the commissioners of highways acted under section 119 up to the delivery

of their statement to the town clerk and the town clerk then acted under section 16. The former was applicable to towns which had adopted the labor system and the latter to other towns. Neither method pursued was complete in itself. The certificate of the town clerk, and the action taken under it, were wholly without authority or legal effect, and the statement of the commissioners never having been before the board of supervisors or filed with the clerk, but remaining on file with the town clerk, was of itself insufficient to authorize the court to enter judgment for the alleged delinquent tax. Nor was the insufficiency cured by the filing of the statement in the office of the county clerk at the time of the trial, under the direction of the court. Neither the action of the court nor of the clerk could dispense with the statutory requirement that the statement of the commissioners signed by them should be submitted to the board of supervisors. We have so held in several cases. (*Leachman* v. *Dougherty,* 81 Ill. 324; *Ohio and Mississippi Railway Co.* v. *Comrs. of Highways,* 117 id. 279; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 164 id. 506; *Wabash Railroad Co.* v. *People,* 138 id. 303 and 316.) The record here shows affirmatively that this statement was never before the supervisors, but only the said certificate of the town clerk. The fact that the supervisors may have approved and the county clerk extended the supposed tax certified to by the town clerk, —a tax which could not have been so levied in a town where the labor system had been adopted,—can give no support to the tax in controversy.

The point is made, however, that the only objection filed was that the tax was void because the certificate was not signed by the commissioners. We have held that only such objections to judgment can be urged against the tax as are specifically made in writing. (*Kirchman* v. *People,* 159 Ill. 265.) The sworn report and application for judgment of the collector made a *prima facie* case, and appellant might have been confined to its specific

184—12

objection; but the case was tried below on its merits and as if the objection was sufficient to challenge the legality of the tax upon any of the grounds which we have mentioned, and it is too late to raise the question here for the first time that the tax, though void, must be held valid because appellant did not sustain its specific objection.

The judgment of the county court must be reversed and the cause remanded, with directions for further proceedings in accordance with this opinion.

*Reversed and remanded.*