## John C. Kuntz v. The Village of Cedarville.

1. ROADS AND BRIDGES—*Town Under Labor System Has No Power to Levy a Tax Under Section 16 of the Road and Bridge Act.*—A town under the labor system has no power to proceed to levy and collect a road and bridge tax under section 16 of the road and bridge act, but may only do so under section 119.

2. SAME—*Where Commissioners of Town Under Labor System do Not Proceed According to Requirements of Section 119, Tax is Unauthorized.*—Where, in a town under the labor system, the statement of the highway commissioners is deposited and filed with the town clerk, and its purport certified by that officer to the county clerk, and such statement is not delivered by the commissioners to the supervisor, and by him laid before the board of supervisors for its action, the tax extended thereon by the county clerk is unauthorized.

3. TAXES—*Collector May Not Retain a Tax Illegally Extended.*—A collector may not retain a tax illegally extended, but must pay it to those who would have been entitled to receive the tax if it had been legal.

Wilson v. Village of Cedarville followed.

Appeal from the Circuit Court of Stephenson County; the Hon. JAMES S. BAUME, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed April 21, 1903.

O. E. HEARD and H. C. HYDE, attorneys for appellant.

BURCHARD & BURRELL, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This suit is substantially like that of Wilson v. The Village of Cedarville, *ante.* Kuntz was collector for the town of Buckeye to collect the taxes levied in said town for the year 1901. He collected $132.84 of road and bridge tax

from property within the village. He paid it all to the treasurer of the commissioners of highways. This suit by the village to recover one-half thereof originated and was tried in the same manner as the Wilson case. Plaintiff had judgment for $65.09, and defendant appeals. All we said in the Wilson case applies, but this case differs from that in two respects. The certificate of the commissioners of highways under which the tax was levied was not drawn in the language of section 119 of the road and bridge act, but in the language of section 13 thereof. They did not give their statement to the supervisor of the town, and that officer did not submit it to the board of supervisors for their action, as required by said section 119; but the certificate of the highway commissioners was delivered to and remained with the town clerk, and he certified the substance thereof to the county clerk, in accordance with the provisions of section 16 of said act. But the town was under the labor system. It had no power to proceed to levy and collect a road and bridge tax under section 16, but could only do so under section 119. We conclude that the fact that the officers of the town pursued the wrong course to have the tax extended does not alter the case, but it is to be here treated as if the tax had been properly extended and collected under section 119, and the village of Cedarville has only those rights which it would have had if the officers had proceeded as the statute directed. It follows that, under the view we took in the Wilson case, it is not entitled to any part of the road and bridge tax, and the court erred in refusing to hold the propositions of law presented by defendant.

Where, as here, in a town under the labor system, the statement of the highway commissioners is deposited and filed with the town clerk, and its purport certified by that officer to the county clerk, and such statement is not delivered by the commissioners to the supervisor and by him laid before the board of supervisors for its action, the tax extended thereon by the county clerk is unauthorized. (C. & N. W. Ry. Co. v. The People, 184 Ill. 174.) Defendant

argues that even if the village were otherwise entitled to recover, it would be prevented by the fact that the tax is illegal. We are of opinion the collector can not avail of this defense. Even if the taxpayers might have successfully resisted payment, he can not raise the question. The collector can not retain a tax illegally extended, but must pay it to those who would have been entitled to receive the tax if it had been legal. The People v. Cooper, 10 Ill. App. 384.

But for the reasons stated in the Wilson case, the judgment is reversed.

Finding of Facts to be incorporated in the judgment:

We find that appellant, as collector of taxes levied for 1901 in the town of Buckeye in Stephenson county (under township organization), collected certain sums as road and bridge taxes upon property located within the village of Cedarville, a municipality within said town, the streets and alleys of which were under the care of the village; that the labor system was in force in said town when said taxes were levied and collected; that appellant paid to the treasurer of the commissioners of highways of said town all the tax so collected; and that the village of Cedarville was not entitled to any part thereof, and was not entitled to recover the same in this cause.