## E. O. Reed v. Village of Chatsworth et al.

1. ROADS AND BRIDGES.—*Town Under Labor System Has No Power to Proceed to Levy Tax Under Section 16 of the Road and Bridge Act.*—In a town under the labor system, the highway commissioners and other officers can only proceed under section 119 of the road and bridge act to levy a tax. They have no authority to proceed under section 16 and a tax so levied is illegal.

2. TAXES—*Although Illegally Collected, Must be Paid to Officers Authorized to Receive Legal Tax.*—Where a tax has been illegally collected, the moneys so collected must be paid to the authorities who

would have been entitled to receive them if the officers attempting to authorize and levy the tax had followed the directions of the statute.

Wilson v. Village of Cedarville followed.

Bill of Interpleader.—Appeal from the Circuit Court of Livingston County; the Hon. JOHN H. MOFFETT, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed April 21, 1903.

A. C. NORTON, attorney for appellant.

CHARLES D. CARY and N. J. PILLSBURY, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Edward O. Reed, treasurer of Livingston county, filed a bill against the village of Chatsworth and the commissioners of highways of the town of Chatsworth, to require them to interplead as to their respective rights to certain taxes in his hands. The commissioners answered, and the case was submitted by agreement as if the village had answered, and as if all proper pleadings had been filed. Upon a hearing a decree was entered, adjudging that the claim of the village to one-half the fund was unfounded, and that it pay the costs, and that the county treasurer pay all said fund to the treasurer of the highway commissioners. The village appealed to the Supreme Court. That appeal was dismissed for want of jurisdiction. (Reed v. Village of Chatsworth, 201 Ill. 480.) Thereafter the record, abstracts and briefs were withdrawn from that court and filed here, and it was stipulated that this court should treat the case as an appeal to this court at this term.

Livingston county is under township organization. Prior to the levy of the tax here in question the town of Chatsworth in said county, adopted the labor system provided by section 80 of the road and bridge act of 1883. The village of Chatsworth is within said town. The highway commissioners of said town, in September, 1900, levied a tax for the ensuing year for road and bridge purposes, upon the real, personal and railroad property in said town, and prepared a certificate or statement thereof, in conformity with section 119 of said act. Under that certifi-

cate a road and bridge tax was extended and collected. The moneys in question are the avails of said levy upon property situated within said village. The village claims one-half thereof. For the reasons stated by us at length in Wilson v. Village of Cedarville, *ante*, we hold the whole of the tax so collected within the village was payable to the treasurer of the highway commissioners, and that the village had no title to any part thereof.

The commissioners did not give said statement or certificate to the supervisor of the town, and the supervisor did not cause it to be submitted to the board of supervisors for their action, as required by said section 119; but the certificate was lodged with the town clerk, who certified these items to the county clerk, in attempted conformity with section 16 of said act. As this town was under the labor system, the highway commissioners and other officers could only proceed under section 119 and had no authority to proceed under section 16, and the tax so levied was illegal. (C. & N. W. Ry. Co. v. The People, 184 Ill. 174.) But the tax having been collected, the fact that its collection could have been successfully resisted does not affect the question here presented, but the moneys so collected must be paid to the authorities who would have been entitled to receive them if the officers attempting to authorize and levy the tax had followed the directions of the statute, as held by us in Kuntz v. Village of Cedarville, *ante*.

For the reasons stated by us in the Wilson and Kuntz cases, the decree is affirmed.