CINCINNATI, INDIANAPOLIS AND WESTERN RAILWAY CO.

*v.*

THE PEOPLE *ex rel.* Wallace Young, County Treasurer.

*Opinion filed February 21, 1905.*

1. TAXES—*when the levy of county tax is insufficient.* A resolution of the county board directing the levy of seventy-five cents on each $100 valuation as a county tax for all the various purposes for which the county might require money, and without stating the amounts required for each purpose separately, is not such a levy as will sustain the tax.

2. SAME—*when district road tax is invalid.* The preliminary steps necessary to constitute a valid levy by the board of supervisors of the arrearages of a district road tax of a town under the labor system are lacking where there is no affidavit of delinquency by the overseer of highways and nothing to show that the tax list had ever been in his hands.

3. SAME—*filing certified copy of tax levy ordinance with county clerk is essential to validity of city tax.* The filing of a certified copy of the tax levy ordinance with the county clerk is essential to the validity of the city tax, and if the paper filed does not purport to be a certified copy the court has no power to permit the addition of a certificate to the paper under the guise of an amendment.

APPEAL from the County Court of Clark county; the Hon. EVERETT CONNOLLY, Judge, presiding.

GEORGE W. FISHER, for appellant.

B. M. DAVIDSON, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Clark county overruled the objections of appellant to the application of the county collector of said county for judgment against appellant's property for the county tax, the district road tax of the town of Westfield and the taxes levied by the city of Casey, and rendered judgment against said property for the several amounts of said taxes. The case is brought to this court for review by appeal.

The authority under which the county clerk extended the county tax was a resolution of the board of supervisors directing that seventy-five cents on each $100 of the total taxable property of the county, as equalized by the county board of review for the year 1903, should be levied as a county tax for county purposes for the current year. The tax was levied for all the various purposes for which the county might require money, and the objection was that the resolution did not state the amounts required for the several purposes separately. In the case of *Chicago, Burlington and Quincy Railroad Co.* v. *People,* (*ante,* p. 458,) it was decided that such a levy was not a valid foundation for a tax. The objection ought to have been sustained.

The district road tax of the township of Westfield was extended by the county clerk from a paper which the town clerk testified was taken by the supervisor of the township and returned to the board of supervisors. Section 83 of the Road and Bridge law, under which the town was acting, authorizes the commissioners of highways to levy a road tax, and section 90 requires them to appoint an overseer for each road district, whose duty it is to enforce payment of the tax in labor. Section 108 requires the overseer to give notice to each person in his district against whom a land, railroad property or personal property road tax is assessed, of the time when and the place where he may appear and pay the tax in labor. By section 110 each overseer is required to deliver to the supervisor of his town, at least five days previous to the annual meeting of the board of supervisors, the tax list, with his affidavit thereto that on all tracts of land or railroad property on such list opposite which the word "paid" is written such tax is paid, and that on all tracts of land or railroad property on such list opposite which the word "paid" is not written such tax is due and remains unpaid. It is made the duty of the board of supervisors, by section 117, to cause the amount of the arrearages returned by the overseer to be levied on the lands returned, and to be collected in

the same manner as other taxes. In this case the commissioners of highways levied a tax and made the list, but there was no overseer of highways and no affidavit as required by the statute, so that the preliminary steps to constitute a valid levy by the board of supervisors were wanting. The court erred in overruling the objection.

The city taxes objected to were extended by virtue of a paper filed in the office of the county clerk purporting to be an ordinance of the city of Casey passed and approved September 7, 1903. The ordinance was entitled "The annual tax levy ordinance for the year 1903," and it purported to levy upon all the property subject to taxation within said city, certain sums therein specified for salaries and other current expenses, and for the payment of city bonds and interest thereon. It made no reference to appropriations, but it was admitted that an appropriation ordinance had been duly passed and published as required by law. The ordinance was not authenticated in any manner or certified to by the city clerk, and there was nothing on the paper showing that it was a copy of any ordinance. Section 1 of article 8 of the act for the incorporation of cities and villages provides that the city council shall annually, on or before the third Tuesday in September, ascertain the total amount of all appropriations for corporate purposes legally made and to be collected from the tax levy for the fiscal year, and by an ordinance specifying in detail the purposes for which such appropriations have been made and the sum or amount appropriated for each purpose, respectively, to levy the amount so ascertained upon all the property subject to taxation within the city or village. A certified copy of such ordinance is to be filed with the county clerk, when it becomes his duty to ascertain the necessary rate per cent and extend the tax. In this case it did not appear that the city clerk had ever attempted to make any certificate or to file a certified copy of an ordinance, or even any paper which indicated that it was a copy. There was nothing about the paper to show whether

it was a copy or an original ordinance. On the hearing leave was given to the counsel for the People to amend by adding the clerk's certificate to the ordinance, but no amendment appears to have been made. By the statute any irregularity or informality, or any omission or defective act of the clerk, might have been corrected, but as nothing which purported to be a copy of the ordinance levying the tax had been filed with the county clerk there was nothing in the way of a certificate to be amended. The paper filed did not give to the county clerk any apparent authority to extend the tax, and under the authority of *Village of Russellville* v. *Purdy,* 206 Ill. 142, the leave to amend was improper. The only authority for extending a tax is some paper which purports to be a certified copy of an ordinance levying a tax. Under the established rules it was error to overrule the objection to these taxes.

The judgment of the county court is reversed and the cause is remanded.         *Reversed and remanded.*