THE PEOPLE *ex rel.* Will L. Talbot, County Treasurer,

*v.*

THE KANKAKEE AND SOUTHWESTERN RAILROAD COMPANY.

*Opinion filed December 20, 1905.*

1. TAXES—*filing an original tax levy ordinance is not sufficient.* Section 1 of article 8 of the City and Village act requires that a certified copy of the tax levy ordinance be filed with the county clerk, and it is not sufficient to file the original ordinance.

2. SAME—*when error cannot be cured by amendment.* Error in filing the original tax levy ordinance with the county clerk cannot be cured, on application for judgment of sale, by allowing a certificate of authentication by the village clerk to be attached to the ordinance.

3. SAME—*when objection is broad enough to raise point that paper filed is not a certified copy of the ordinance.* An objection, on application for judgment of sale, that the paper filed with the county clerk purporting to be the tax levy ordinance was not certified by the county clerk, is broad enough to permit the point to be raised that the paper, even after it was certified, was not a certified *copy* of the tax levy ordinance.

4. SAME—*distinction between road taxes in townships under cash system and those under labor system is important.* It is important, in levying road and bridge taxes, to keep in mind the distinction made by the Road and Bridge act between townships under the cash system and those under the labor system, section 16 of the act being applicable to the former and section 119 to the latter.

5. SAME—*in townships under labor system the original certificate of commissioners must be filed with the county clerk.* In townships having the labor system for road and bridge taxes the original

certificate signed by the highway commissioners must, under section 119 of the Road and Bridge act, be filed with the county clerk.

6. SAME—*what need not be stated in highway commissioners' certificate.* A certificate of highway commissioners showing a road and bridge tax levy of forty cents on the $100 need not state the amount required for each purpose nor the total amount of taxes required. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 212 Ill. 518, followed.)

APPEAL from the County Court of Livingston county; the Hon. C. F. H. CARRITHERS, Judge, presiding.

R. S. McILDUFF, for appellant.

C. C. & L. F. STRAWN, (JOHN G. DRENNAN, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

The county court of Livingston county denied judgment and order of sale in favor of appellant and against appellee for the village taxes of the village of Cullom and the road and bridge taxes for Rooks Creek township, both in said county, for the year 1904, and this appeal is prosecuted from that judgment.

The objection urged against the said village tax by the appellee is, that it was "extended from a paper purporting to be a levy ordinance by the village but not certified to by the village clerk, and the amounts levied for each purpose are not definitely stated." The record discloses that in compliance with the statute the village board passed its appropriation ordinance in apt time, and also passed an ordinance for the levy of the village taxes by proper vote and in apt time. There was filed with the county clerk on September 21, 1904, a writing which, on its face, purported to be the levy ordinance, but it was not authenticated by the certificate of the village clerk. At the hearing, on motion of appellant, the supposed levy ordinance was amended by allowing the village clerk to attach to it a certificate of authentication. His

certificate states "that the annexed ordinance, entitled 'Annual appropriation ordinance,' for the levy and collection of taxes for the fiscal year A. D. 1904, signed 'E. D. Brady, president *pro tem.,'* and attested under the seal of said village by me as village clerk, was duly passed at an adjourned meeting of the president and board of trustees of the village of Cullom," etc. It seems that the levy ordinance has the heading, "Annual appropriation ordinance," but it is readily seen from its terms and provisions that it was, in fact, a levy ordinance. The paper filed with the county clerk, if it purports to be anything, upon its face purports to be the original ordinance, as the word "copy" nowhere appears upon it, nor does the village clerk certify, when leave is granted to amend, that the instrument is a copy of the original ordinance.

Section 1 of article 8 of the act for the incorporation of cities and villages requires that they shall ascertain annually, on or before the third Tuesday in September in each year, the amount of appropriations for all corporate purposes, and by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose, respectively, levy the amount so ascertained upon all the property subject to taxation within the city or village, as the same is assessed and equalized for State and county purposes for the current year. It further requires that a *"certified copy* of such ordinance shall be filed with the county clerk of the proper county, whose duty it shall be to ascertain the rate per cent which, upon the total valuation of all property subject to taxation within the city or village as the same is assessed and equalized for State and county purposes, will produce a net amount of not less than the amount so directed to be levied," etc. (Hurd's Stat. 1903, p. 303.) From the quotation last above it is seen that it is not sufficient, under the terms of the above statute, to file the original ordinance, but the requirement is that a "certified copy of such ordinance shall be filed." This

was not done in the case at bar, nor was it attempted by the amendment and addition of the certificate to show that it was actually done.

The exact question now under consideration has been before this court in the case of *Cincinnati, Indianapolis and Western Railway Co.* v. *People ex rel.* 213 Ill. 558. We there said in part (p. 561) : "The paper filed did not give to the county clerk any apparent authority to extend the tax, and under the authority of *Village of Russellville* v. *Purdy*, 206 Ill. 142, the leave to amend was improper. The only authority for extending a tax is some paper which purports to be a certified copy of an ordinance levying a tax." And in that case it is further said on the same page: "But as nothing which purported to be a copy of the ordinance levying the tax had been filed with the county clerk there was nothing in the way of a certificate to be amended."

Appellant urges that the objection made by appellee is not broad enough to raise the question, but we are disposed to hold that it is. The objection states that the paper purporting to be the levy ordinance was not certified to by the village clerk. That is true, and when the village clerk, on the trial, did certify to it, it still did not bring it within the requirements of the statute.

We regard the case above cited as conclusive of the question as to the sufficiency of this ordinance, and do not deem it necessary to enter into a discussion of the question of its indefiniteness concerning the purposes for which the levies were made.

Two objections were urged against the road and bridge tax for Rooks Creek township. The first was, that the certificate was insufficient in that it showed a levy of forty cents on the $100 without stating the amount required for each purpose or the total amount of taxes required; and the second, that said tax was "invalid and not collectible for the further reason that the original levy signed by the highway commissioners was not laid before the board of super-

visors of said county." The first objection is not tenable, and we so held in *Cincinnati, Indianapolis and Western Railway Co.* v. *People ex rel.* 212 Ill. 518. The record shows that Rooks Creek township was operating under the labor system, and the tax levied was in attempted compliance with section 119 of the Road and Bridge act. It appears that there was filed with the county clerk during the September meeting of the county board, and laid before and considered by that board, a supposed copy of a certificate of levy for road and bridge purposes, duly certified to by the town clerk of said township, in which it is stated that a levy of forty cents on the $100 is made for said road and bridge purposes. The town clerk, after setting out a levy in sufficient form, containing a copy of the signatures of the commissioners of highways, certifies that it "is a true and correct copy of the original thereof, delivered by the commissioners of highways and kept by me, and now remaining on file in the office of the town clerk of said town." In our statute entitled "Roads and Bridges" there are two complete codes of law relative to road and bridge taxes: one applying to such townships as have what is termed "the cash system," under which the district road tax is paid in cash, as other taxes are, and "the labor system," under which the district road tax is paid in labor; and applicable to the townships thus operating under one or the other of these systems is a distinct provision with reference to the road and bridge tax. Under section 16 of the act, which is applicable to townships operating under the cash system, the commissioners are required to make a certificate of the rate per centum agreed upon by virtue of sections 13 and 14 of the act, and to cause such certificate to be delivered to the town clerk, "to be kept by him on file for the inspection of the inhabitants of said town, and the town clerk shall at once certify these two items of levy to the county clerk to be by him extended as one tax upon the collector's book of said town, to be collected as other taxes," etc., while by section 119,

which is applicable to the townships having the labor sys-
tem, the commissioners of highways are required to annually
ascertain the amount of tax for road and bridge purposes,
"and shall levy a tax on all the real, personal and railroad
property in said town, not exceeding forty cents on the
$100; and they shall give to the supervisor of the township,
and in Cook county to the county board, a statement of the
amount necessary to be raised, and the rate per cent of taxa-
tion, signed by said commissioners, or a majority of them,
on or before the Tuesday next preceding the annual Sep-
tember meeting of the board of supervisors, or the county
board of Cook county, who shall cause the same to be sub-
mitted to said board for their action at such September meet-
ing of said board." It will thus be seen that by section 16,
which is not applicable to Rooks Creek township, the certifi-
cate is to be filed with the town clerk and remain with him,
and he is to certify the amount to the county clerk; while
under section 119, which is applicable to the tax now in
controversy, the statute requires that the original certificate
signed by the commissioners shall be delivered to the super-
visors and laid before the board. Many cases arise upon
this tax, doubtless, from a confusion of the two provisions,
and a lack of observation on the part of the commissioners
of highways, and the clerk of the town, as to which one of
the sections of the Road and Bridge act is applicable to such
town.

The question involved in this case has been before this
court and decided adversely to the contention of appellant
in the case of *Chicago and Northwestern Railway Co.* v.
*People ex rel.* 184 Ill. 174. In that case the levy was made,
as directed by section 119 of the statute, by the commission-
ers of highways, and, as in this case, filed with the town
clerk, who certified to the county clerk the substance of the
certificate of levy for the purpose of the extension of the tax,
and it was laid before the county board and the tax directed
to be extended. In that case the court below sustained the

218—38

certificate and gave judgment for the tax, and this court reversed the county court, holding that it was not a compliance with section 119, but that the original certificate signed by the commissioners must be filed with the county clerk. We deem it unnecessary to go into any further or extended discussion of this question, as we regard that case conclusive of this, and have striven to point out the source of the difficulty that seems to confront the road and township officers acting under this law.

The judgment of the county court is in conformity with the views expressed by this court in the cases referred to, and is affirmed.                                              *Judgment affirmed.*