Chicago, Indianapolis & St. Louis Short Line Ry. Co.

*v.*

The People *ex rel.* George McCormick, County Collector.

*Opinion filed February 21, 1907.*

1. Taxes—*road tax in town under the labor system must be extended upon commissioners' original certificate.* A road and bridge tax for a town under the labor system is illegal which is extended upon a certified copy of the highway commissioners' certificate of levy instead of upon the original certificate, as required by section 119 of the Road and Bridge act.

2. Same—*additional road tax is permitted only in view of some contingency.* Section 14 of the Road and Bridge act permits an ad-

ditional road and bridge tax levy only in view of some contingency, which must be certified, together with the extra amount desired, by the commissioners to the board of town auditors and the assessor, a majority of whom must consent, in writing, to the additional levy.

3. Same—*when an additional road tax is invalid.* An additional road and bridge tax is invalid where the highway commissioners certified to no contingency for which it was required, the board of auditors and the assessor consented to the additional levy "for the specific purpose of iron bridge," and the tax, when finally made by the commissioners, was "to liquidate roads and bridges."

Appeal from the County Court of Madison county; the Hon. J. E. Hillskotter, Judge, presiding.

George F. McNulty, for appellant.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from the judgment of the county court of Madison county overruling certain objections filed by appellant to certain taxes on the application made by the county collector for judgment for said taxes. No brief has been filed by appellee.

The first objection is to an alleged excess of county tax amounting to $30.13. The error in the extension of the county tax is the same as that in *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 223 Ill. 17. That case and the cases therein cited are conclusive of this question in this case. The county court erred in not sustaining the objections to said excess county tax.

Appellant also filed objections to the legality of all the road and bridge tax in Olive, Omphghent, Hamel and Fort Russell townships. These townships were under what is known as the labor system, and the objections alleged that the road and bridge tax in each of them was not levied according to the requirements of section 119 of chapter 121, (Hurd's Stat. 1905, p. 1741,) because the tax sought to be collected was extended from a certified copy of the highway commissioners' certificate of levy, while the law required the

original certificate or statement of the amount necessary to be raised to be laid before the board of supervisors. The proof shows that in all four of these townships the commissioners of highways filed the levy certificates with their respective town clerks, and that the town clerks filed certified copies thereof with the county clerk, who laid the same before the board of supervisors, and upon these copies the tax was extended. We have held in *Chicago and Northwestern Railway Co.* v. *People,* 184 Ill. 174, *People* v. *Kankakee and Southwestern Railroad Co.* 218 id. 588, and *Litchfield and Madison Railway Co.* v. *People,* (*ante,* p. 301,) that a tax so extended is invalid. Appellant's objections should have been sustained to these taxes.

Another objection is as to an excess of road and bridge tax of Edwardsville township, in said county, said excess amounting to $7.10. This township was under the cash system, and the objection is that the commissioners of highways attempted to levy, under section 14 of the Road and Bridge act, ten cents on the $100 in addition to the sixty cents they were authorized to levy under section 13 of said act. The commissioners certified to the board of town auditors and the assessor that there would be required to be raised by taxation, (1) for making and repairing bridges, $1700; (2) for the payment of damages by reason of the opening, altering and laying out of new roads, $300; (3) for the purchase of the necessary tools, implements and machinery for working roads, $500; (4) for the purchase of the necessary material for building and repairing roads and bridges, $3500; (5) for the pay of overseers of highways during the ensuing year, $2500; making a total of $8500; "for the raising of which amount a tax is levied on all the real and personal property of said town of seventy cents on $100." The board of town auditors and assessor of Edwardsville township certified that they gave their consent "to an additional levy of ten cents on each $100 for the specific purpose of iron bridge, which is to be added to the sixty cents which the commissioners of

highways are by law authorized to levy, making the aggregate rate of seventy cents on each $100, as set forth in the foregoing certificate of said commissioners." The commissioners of highways thereupon made a certificate levying sixty cents on the $100 for road and bridge purposes and for the payment of outstanding orders, "and also the further rate of ten cents on each $100 to liquidate roads and bridges."

Section 14 only permitted the levy of the ten cents in addition to the sixty cents authorized in section 16 in case said extra amount is needed in view of some contingency. This contingency, as well as the extra amount desired to be levied, must be certified by the commissioners to the board of town auditors and assessor, a majority of whom must give their consent in writing to the additional levy. There is not the slightest approach to a compliance with these provisions in this case. The commissioners never certified to the town auditors and assessor that there was any contingency necessitating a greater levy than sixty cents on the $100. Said board of auditors and assessor gave their consent to an additional levy of ten cents for "the specific purpose of iron bridge." Their consent had not been asked for any such purpose, and the levy of ten cents additional, when finally made by the commissioners of highways, was "to liquidate roads and bridges." It needs the citation of no authority to show that this additional levy of ten cents was invalid and void. The requirements, however, for making a valid levy under section 14 will be found pretty fully discussed in *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 213 Ill. 503, and *St. Louis, Alton and Terre Haute Railroad Co.* v. *People,* 224 id. 155.

The judgment of the county court is reversed and the cause remanded, with directions to said court to sustain appellant's objections.                    *Reversed and remanded.*