Toledo,. St. Louis and Western Railroad Company

*v.*

The People *ex rel.* George McCormick, County Collector.

*Opinion filed April 18, 1907.*

1. Taxes—*towns under labor system are controlled by section 119 of Road and Bridge act.* Towns which are under the labor system are controlled by section 119 of the Road and Bridge act, which requires that the original certificate of the highway commissioners, and not a copy, be delivered to the supervisor of the township and by him submitted to the county board.

2. Same—*road tax levied under labor system by a town under cash system is invalid.* A road and bridge tax levied in accordance with the provisions of the statute relating to the labor system by a town which is in fact under the cash system is invalid.

3. Same—*an additional road and bridge tax must be for some shown contingency.* An additional road and bridge tax cannot be levied to meet the ordinary expenses but only because of some contingency, and the fact that such contingency exists, together with a statement showing what the contingency is,`must be incorporated in the certificate of the highway commissioners, and a mere verbal statement by the commissioners to the board of town auditors and the assessor relating to such contingency is not sufficient.

Appeal from the County Court of Madison county; the Hon. J. E. Hillskotter, Judge, presiding.

Wilson, Warren & Child, (Clarence Brown, and Charles A. Schmettau, of counsel,) for appellant.

W. H. Stead, Attorney General, and J. F. Gillham, State's Attorney, for appellee.

Mr. Justice Vickers delivered the opinion of the court:

Appellant, the Toledo, St. Louis and Western Railroad Company, filed its objections to the application of the county collector of Madison county for judgment against appellant for certain delinquent taxes, all of which were over-

ruled by the county court, and appellant duly excepted and perfected its appeal to this court.

The objections questioned the validity of the road and bridge taxes levied for New Douglas, Venice, Pin Oak, Alhambra, Edwardsville and Hamel townships. As to New Douglas, Pin Oak, Alhambra and Hamel townships the specific objection to the tax levied in each of said townships is, that said townships have adopted and are acting under the labor system, and that under that system the method of levying is controlled by section 119 of the Road and Bridge act, (Hurd's Stat. 1905, p. 1741,) which requires that the original certificate made by the commissioners at their meeting next preceding the September meeting of the board of supervisors be delivered to the supervisor and by him submitted to the county board. Instead of doing this the commissioners made their levy and filed it with the town clerk, who sent a supposed copy to the county clerk, and that the tax was levied by the commissioners at their meeting in September, 1905, and was based upon the copy so transmitted by the clerk. The evidence heard by the county court proves that the levy was made in the manner stated in the objection. Townships which are under the labor system are controlled by section 119 of the Road and Bridge act, which provides that "the highway commissioners of each town shall, annually, ascertain as near as practicable, how much money must be raised on real, personal and railroad property, * * * and shall levy a tax on all the real, personal and railroad property in said town not exceeding forty cents on the $100; and they shall give to the supervisor of the township * * * a statement of the amount necessary to be raised, and the rate per cent of taxation, signed by said commissioners, or a majority of them, on or before the Tuesday next preceding the annual September meeting of the board of supervisors, * * * who shall cause the same to be submitted to said board for their action at such September meeting of said board." The con-

struction of that part of the foregoing section relating to
the statement of the amount necessary to be raised and the
rate per cent of taxation, which is to be signed by the com-
missioners and submitted to the board of supervisors, was
before this court in *Chicago and Northwestern Railway Co.
v. People ex rel.* 184 Ill. 174, and we held that the statement
or certificate to be submitted to the board of supervisors
contemplated by section 119 was the original certificate
made by the highway commissioners, or a majority of them,
and that a copy certified to by the town clerk, or a certificate
purporting to give the substance of such statement, was not
a compliance with the statute; and the same construction
was adhered to in *People v. Kankakee and Southwestern
Railroad Co.* 218 Ill. 588. These authorities are conclusive
of the questions relating to the road and bridge taxes in
the four townships above named.

The objection to the road and bridge tax levied for
Venice township is, that the road and bridge tax was levied
under the labor system, when, in point of fact, said town-
ship was under the cash system. The record shows that this
fact was settled by stipulation. This objection is also settled
adversely to the validity of the tax by the case of *People
v. Kankakee and Southwestern Railroad Co. supra.* This
error of the county court is confessed by appellee.

The levy in Edwardsville township was seventy cents
on the $100, or ten cents in excess of the rate allowed by
law, and the objection to this tax relates only to the excess.
The excess in the Edwardsville township is objected to for
two reasons. The first objection is, that this township is
acting under the cash system; that the commissioners of
said township made a levy of seventy cents on the $100 for
road and bridge purposes; that for the extra ten cents lev-
ied over the sixty cents permitted by law said commission-
ers did not request, in writing, of the board of auditors and
assessors, that said levy be made. Second, that the board
of auditors and assessors did not grant permission to said

commissioners to make said levy in writing. The testimony of the town clerk of Edwardsville township shows that the highway commissioners went before the board of auditors and assessors and orally requested consent to an additional levy of ten cents on each $100, and that the certificate filed was prepared by the clerk, to which the clerk attached the names of the commissioners. Section 13 of the Road and Bridge act limits the levy for road and bridge purposes to sixty cents on each $100. Section 14 provides that if, in the opinion of the commissioners, a greater levy is needed in view of some contingency, they may certify the same to the board of town auditors and assessors, and with the consent of a majority of this entire board, given in writing, an additional levy, not exceeding forty cents on each $100, may be levied. The following is a copy of the paper filed in pursuance of the statute:

"The commissioners of highways of the town of Edwardsville having proceeded to ascertain, as near as practicable, how much money must be raised in said town by tax on real and personal property for the purposes following, for the ensuing year, have ascertained and determined the same to be as follows, to-wit:

1. For the making and repairing of bridges...............$1,700
2. For the payment of damages by reason of the opening, altering or laying out new roads........................  300
3. For the purchase of necessary tools, implements and machinery for working roads............................  500
4. For the purchase of the necessary material for building and repairing roads and bridges .....................  3,500
5. For pay of overseers of highways during the ensuing year. 2,500

                                                         $8,500

"The total amount for purposes aforesaid being $8500. For raising which amount a tax is levied on all the real and personal property in said town of seventy cents on the $100.

"Witness our hands this 5th day of September, 1905.

Joseph Tomseck,<br>S. J. Stubbs,<br>Geo. Schon,<br>*Comrs. of Highways Town of Edwardsville.*

*Sept. 7, 1905."*

Waiving the question whether there was a sufficient signing, we think the certificate is not in compliance with section 14 of the Road and Bridge act. This section was construed by this court in *Chicago and Eastern Illinois Railroad Co.* v. *People,* 200 Ill. 237, and it was there held that a mere verbal statement by the highway commissioners to the board of town auditors and assessors that in their opinion an additional levy was needed was not a compliance with the statute. This section requires the certificate to be in writing. The section also contemplates that a contingency shall exist which requires the additional levy. There is no power conferred under section 14 to raise taxes for the usual and ordinary current expenses of the township. It is only to meet expenses that have been made necessary by some unusual or extraordinary contingency, such as freshets which may· have destroyed bridges or caused wash-outs, or other contingencies that do not occur regularly in the ordinary course of events. We think that the contingency calling for the additional levy, whatever it may be, should be stated in the certificate, so that the board of auditors and assessors can determine whether the purpose is within the power conferred by section. 14. Sections 13 and 14 must be construed together. If the highway commissioners can, under section 14, levy taxes to be used for the usual and ordinary expenses of the township, then the limitation in section 13 of sixty cents on the $100 does not mean anything. Under the two sections the commissioners might proceed annually to levy one hundred cents on the $100 by 'simply certifying that a contingency existed making that much more money necessary. The true intent and meaning of the two sections, when construed together, is, that sixty cents on the $100 can be levied for the usual and ordinary uses of the township, but if, in the opinion of the highway commissioners, a contingency has arisen which makes an additional levy necessary, then by certifying this fact, together with a statement--showing what the contin-

226—3 6

gency is which is relied on as authorizing the additional levy, to the board of auditors and assessors, consent may be obtained for an additional levy not exceeding forty cents on the $100. Manifestly, the reason for requiring the consent of the board of auditors and assessors to such additional levy is, that they may exercise a discretion and withhold such consent unless the certificate before them shows the existence of such a contingency as the statute contemplates. Even if the certificate here is held to be properly executed, which we do not determine, it was clearly insufficient to furnish the board of auditors and assessors with such information as the law requires them to have.

For the errors indicated the judgment of the county court of Madison county is reversed.

*Judgment reversed.*