THE PEOPLE *ex rel.* Henry Weber, County Collector, Appellee, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TAXES—*what is not a contingency such as is contemplated by section 14 of Road and Bridge act.* A certificate of highway commissioners for an additional road tax which states the purpose to be for "paying damages and opening up new roads that are laid out in the township and building bridges," does not show the existence of a contingency, within the meaning of section 14 of the Road and Bridge act.

2. SAME—*fact that clerk cannot find petition for labor system election is not conclusive that there was no petition.* One objecting to a road tax upon the ground that the election adopting the labor system was had without a petition has the burden of proving that no petition was in fact filed, and proof that the town clerk can not find in his office any petition, or record of a petition, under which the election could have been held is not sufficient, and does not raise an inference that no petition was filed.

APPEAL from the County Court of Shelby county; the Hon. CALVIN GREEN, Judge, presiding.

WILSON, WARREN & CHILD, for appellant.

WILLIAM W. HARTSELL, State's Attorney, and ROBERT I. PUGH, for appellee.

Per CURIAM: This is an appeal from the judgment of the county court of Shelby county overruling objections filed by the Toledo, St. Louis and Western Railroad Company

to certain taxes levied on its property in Big Spring and Prairie townships, in said county.

The specific objection to the tax levied in Big Spring township is, that the certificate of the commissioners of highways is defective in not stating the contingency which, under section 14 of the Road and Bridge law, will authorize a levy of forty cents on the $100 in addition to the sixty cents authorized by section 13 of said act. The certificate under which the levy was made is as follows: "We, the commissioners of highways of Big Spring township, Shelby county, Illinois, do hereby certify that we require (by authority of section 13 of the Road and Bridge law) for 'road and bridge purposes and for the payment of outstanding orders drawn on the township treasurer,' for the year 1906, the rate of sixty cents on each $100; that we also require (by authority of section 14 of the Road and Bridge law) the rate of forty cents on each $100 valuation for the specific and sole purpose of paying damages and opening up new roads that are laid out in the township and building bridges." Appellant admits that twenty cents of the additional levy of forty cents on the $100 is valid under section 15 of the Road and Bridge law, and has, as we understand the record, paid that tax. Section 15 authorizes the levy of an additional twenty cents on the $100 on the taxable property of the town to pay damages for laying out, widening, altering or vacating roads or for ditching to drain roads. The remaining twenty cents on the $100 which is attempted to be levied under section 14 depends upon the sufficiency of the certificate of the road commissioners above set out. This certificate does not show the existence of a contingency, within the meaning of section 14 of the Road and Bridge law, as that section has frequently been construed by this court. *Toledo, St. Louis and Western Railroad Co.* v. *People,* 226 Ill. 557.

The objection made to the levy in Prairie township is, that the evidence does not show that the township had

adopted the labor system.   It is admitted that if the township was under the labor system the tax is legal.   The evidence shows that in 1884 a vote was had in the township upon the question of adopting the labor system, and at said election 311 votes were cast for the labor system and 12 votes against it.   The township has been acting under the labor system since this vote was taken.   The clerk of the district was sworn, and testified that he was unable to find among the files of his office any petition or record of a petition asking for the submission of the question of the adoption of the labor system to the voters.   The appellant contends that the failure to find such petition, or a record thereof, must be accepted as proof that no such petition was filed.   This view cannot be sustained.   In *Toledo, St. Louis and Western Railroad Co.* v. *People*, 225 Ill. 425, this court held that the burden of proof was on the objector to show that no such petition was, in fact, on file in the office of the clerk at the time the vote was had, and merely showing that the clerk had no recorded copy of the petition was not sufficient to justify the inference that none had ever been filed. So far as the objection made to the tax in question in Prairie township is concerned, it is decided adversely to appellant's contention in the case last above cited.

The judgment of the county court of Shelby county is affirmed as to the objection made to the tax in Prairie township and reversed as to the objection to the tax in Big Spring township and the case is remanded to the county court of Shelby county, with directions to sustain the objection to twenty cents on the $100 valuation of the road and bridge tax in Big Spring township.

*Reversed and remanded, with directions.*