THE PEOPLE *ex rel.* Joel Mooneyham, County Treasurer, Appellee, *vs.* THE BELLEVILLE AND ELDORADO RAILROAD COMPANY, Appellant.

*Opinion filed February 20, 1908.*

1. TAXES—*when county tax is invalid.* A levy for county taxes, partly "to pay the ordinary expenses" of the county, is not, in that respect, in compliance with the statute, and the tax, as to such item, is invalid. (*People v. Cairo, Vincennes and Chicago Railroad Co.* 231 Ill. 438, followed.)

2. SAME—*when addditional road taxes are invalid.* Additional road taxes required "in view of the contingency that outstanding indebtedness for steel bridges, grader and grading roads," and for the purpose of buying and placing two iron bridges over a river, do not come within the meaning of the word "contingency," as used in section 14 of the Road and Bridge act, and are invalid.

3. SAME—*when village tax is invalid.* A village tax is invalid where there is nothing in the tax levy ordinance filed with the county clerk to show whether it is the original ordinance or a copy, and in such case the want of authority of the county clerk to extend the tax in the absence of a certified copy of the tax levy ordinance cannot be cured by permitting, upon application for judgment of sale, the addition of a certificate stating that the paper filed was a true copy of the tax levy ordinance.

APPEAL from the County Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

PARISH, PARISH & STILWELL, for appellant.

D. W. CHOISSER, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decision of the county court of Saline county, entered at its September term, 1907, overruling the objections of appellant to certain taxes and entering judgment for the same.

Appellant paid all the taxes to which it did not object, amounting to $3481.12, the total amount objected to being $737.20. The court sustained objections to the road and bridge taxes of the towns of Tate and Eldorado, amounting to $46.27, and overruled the objections as to the county taxes, as to the road and bridge taxes of the towns of Galatia and Raleigh, and as to the village taxes of the village of Galatia.

The first objection was to seventy per cent of all the county taxes for 1906, the amount objected to being $437.66, on the ground that the levy provided that such portion of the tax was "to pay the ordinary expenses of said Saline county." The validity of this levy has already been passed upon in *People* v. *Cairo, Vincennes and Chicago Railroad Co.* 231 Ill. 438, and it was there held not in compliance with the statute. The county court erred in overruling appellant's objection to this portion of said tax.

The next two objections here in question relate to the road and bridge taxes of the towns of Galatia and Raleigh, respectively. Both of these towns are under the cash system, and in each case the road and bridge commissioners asked and received from the board of town auditors and assessor permission to levy an increased tax, under section 14 of the Road and Bridge act. In the town of Galatia the increase was asked for "in view of the contingency that outstanding indebtedness for steel bridges, grader and grading roads." In the town of Raleigh the reason given was

for the specific purpose of buying and placing, as crossings over the middle fork of Saline river, two iron bridges, etc. These purposes given as contingencies in justification of the increased levies are almost identical in nature with those in *People* v. *Cairo, Vincennes and Chicago Railroad Co. supra,* and this court there held that no contingency existed as contemplated by the statute. (See, also, *Toledo, St. Louis and Western Railroad Co.* v. *People,* 226 Ill. 557; *People* v. *Chicago and Eastern Illinois Railroad Co.* 231 id. 454; *People* v. *Kankakee and Southwestern Railroad Co.* id. 109; *People* v. *Toledo, St. Louis and Western Railroad Co.* id. 390; *People* v. *Kankakee and Seneca Railroad Co.* id. 490.) The objections to the excess of road and bridge taxes in the towns of Galatia and Raleigh, respectively, for contingencies, over and above that authorized by the regular levy of the commissioners, should have been sustained.

The last objection here in question is to $92.88 village taxes for the village of Galatia; that said tax was extended upon what purports to be the original levy ordinance of said village and no certified ordinance is on file in the county clerk's office. Two ordinances were offered by appellant in support of this last objection,—one apparently the appropriation ordinance and the other the annual levy ordinance. There is nothing on their face to indicate whether either is a copy or the original. Appellant contends that the original ordinance in each case was filed with the county clerk, and not a certified copy, as required by paragraph 111 of the City and Village act, (Hurd's Stat. 1905, p. 311,) while appellee insists that they are copies, and simply failed to have the certificate of the clerk that they were such. Appellee, in the trial court, after these ordinances had been introduced by appellant, asked and obtained leave to file a certificate, to be attached to each of them, that they were true and correct copies of the original ordinances. In *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 Ill. 558,

we held that the filing of a certified copy of the tax levy is essential to the validity of the city tax, and if the paper filed does not purport to be a certified copy, the court has no power to permit the addition of a certificate to the paper under the guise of an amendment. It is true, however, in that case there appeared to have been no amendment, as there was in this case. In *People* v. *Kankakee and Southwestern Railroad Co.* 218 Ill. 588, it was held that a certified copy of a tax levy ordinance must be filed with the county clerk, and that it was not sufficient to file the original ordinance. In that case, as in *Village of Russellville* v. *Purdy,* 206 Ill. 142, it appeared that the original ordinance had been filed. In this case we think it is a fair inference from the certificate of the clerk which was added as an amendment to each of these ordinances, that a copy of the ordinance was originally filed without the proper certificate, but as there is nothing about either of these documents to indicate that they were copies at the time they were originally filed with the county clerk, under the reasoning of *Cincinnati, Indianapolis and Western Railway Co.* v. *People, supra,* the paper filed as the levy ordinance did not give the county clerk any apparent authority to extend the tax as it did not purport to be a copy of the levy ordinance, and there was nothing in the way of a certificate to be amended. Our conclusion on this point renders unnecessary any consideration of the other part of the objection, that one item of said appropriation ordinance reads, "incidentals, $500," and that this is not sufficiently specific. See, however, on this point *People* v. *Kankakee and Southwestern Railroad Co.* 231 Ill. 109. The objection to the village tax of the village of Galatia should have been sustained.

The judgment of the county court will be reversed and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*