THE PEOPLE *ex rel.* Dan Lee, County Treasurer, Appellee, *vs.* THE KANKAKEE AND SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 15, 1908.*

1. TAXES—*county levy of certain amount for "salaries of officers" is sufficiently specific.* The levy by a county of a certain sum for "salaries of officers" will be regarded as applying only to salaries payable out of the county treasury from money raised by general taxation, and is sufficiently definite.

2. SAME—*what is not a filing of the original certificate of levy with county clerk.* Where the certificate of levy is executed in duplicate and each copy signed by the commissioners, the town clerk may file one copy in his office and treat it as the original, and transmit the copy which he has not filed to the county clerk.

3. SAME—*when certificate of the town clerk may be amended.* Where the town clerk transmits to the county clerk one of the duplicate certificates of levy, which does not bear the town clerk's file-mark, and there are attached thereto other documents, including a portion of the record of a town meeting, with the certificate of the town clerk that the same is a copy of such record, the town clerk's certificate may be amended, on application for judgment of sale, to show that the duplicate certificate of levy was a copy of the original on file in his office. (*People* v. *Belleville and Eldorado Railroad Co.* 232 Ill. 454, distinguished.)

4. SAME—*when a certificate for additional road tax does not show a contingency.* A certificate reciting that in the opinion of the highway commissioners an additional road and bridge tax levy is necessary "in view of the contingency that it is necessary, on account of their destruction, to re-build immediately nine bridges," does not show that a contingency such as is contemplated by the statute exists, as that question depends upon the character of the forces which worked the destruction of the bridges.

5. SAME—*when objections may be joined and heard in one proceeding.* Where there is but one application for judgment of sale by the collector and all objections are made by the same property owner, the objections may be joined and heard in the same proceeding although several taxes are involved.

6. SAME—*courts should not consider technical opposition to objections to taxes.* It is the right of a property owner, under the statute, to have his objections to a tax determined "in a summary

manner, without pleadings," and the applicant for judgment of sale should not be allowed to interfere with such right by pleading as at common law or by offering technical opposition to the objections which does not go to their merits.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, (JOHN G. DRENNAN, of counsel,) for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

At the June term, 1908, of the county court of Kankakee county, Daniel G. Lee, the county collector of that county, made application for judgment against the lands of appellant for taxes for the year 1907 alleged to be delinquent. Upon a hearing the objections interposed were overruled, judgment entered for the taxes, and this appeal is prosecuted.

The appellant objected to certain taxes, amounting to $148.37, extended for county purposes under an item designated in the levy as "salaries of the officers," on the ground that the purpose stated was not sufficiently specific. It also objected to the road and bridge tax of the town of Otto extended against its property, the amount of this tax so extended being $234.81. The basis of the objection to the last mentioned tax will be hereinafter stated.

The county board levied $12,500 for "salaries of the officers." We are of opinion the purpose of this tax was sufficiently designated by the words just quoted. The taxpayer would understand therefrom that this sum was levied to pay salaries which were payable out of the county treasury from money raised by general taxation. He could ascertain the approximate amount so payable, and if the levy was greater than it should be he could then object to the excess.

The town of Otto is operated under the "cash system." The tax levied in that town for road and bridge purposes was one hundred cents on each $100, forty cents of the levy being made to meet an alleged contingency. The statute requires that the commissioners of highways shall certify the amount of their levy to the town clerk; that he shall keep that certificate on file in his office and that he shall certify the levy to the county clerk for extension. (Hurd's Stat. 1905, chap. 121, sec. 16.) It is first objected to this tax that the town clerk filed with the county clerk the original of the certificate made by the commissioners instead of a certified copy thereof. It appears that the commissioners delivered to the clerk duplicate copies of the certificate to the auditors and assessor in reference to the alleged contingency, duplicate copies of the written consent of the auditors and assessor and duplicate copies of the certificate of the levy. Both copies of the certificate of levy were signed by each of the commissioners. One copy of each of these documents the town clerk placed on file in his office, and the other copy of each he transmitted to the county clerk in the manner hereinafter pointed out. At the town meeting in 1907 the voters of the town of Otto, being under a misapprehension as to their power, adopted a motion levying a road and bridge tax additional to the sixty cents on the $100. When the town clerk sent the duplicates of the certificates left with him by the commissioners to the county clerk he attached thereto a copy of that part of the record of the town meeting which pertained to this tax. All of the papers so sent were attached together and delivered as one document, and they were so arranged that in reading them the certificates and the consent of the board of auditors and assessor came first and appeared in their chronological order and the copy of the part of the record came last. Following that, and attached thereto, was the certificate of the town clerk stating that the document which purported to be a copy of a part of the record of the town meeting was

such copy, and no other certificate of the town clerk accompanied the instrument.  It is conceded that the action of the voters was without legal effect, and their action is only referred to here that the facts may be clearly understood in regard to the papers filed with the county clerk.  Upon the hearing, on motion of appellee, leave was given the town clerk to amend his certificate so as to show that the duplicate of the commissioners' certificate of levy on file was a copy of the original certificate of levy remaining in his office.  Pursuant to that leave he did so amend his certificate.

We think the contention that the document filed with the county clerk was the original certificate of levy is without merit.  When the certificate was made in duplicate and both copies delivered to the town clerk he might properly treat one copy as the original and use the other copy for the purpose of certifying the levy to the county clerk.  The copy which he filed in his office was an original.  The fact that the copy which he sent to the county clerk was made and signed by the commissioners is immaterial.  The original certificate actually filed with the town clerk was not filed with the county clerk and the document filed with the county clerk had attached thereto a certificate which was not as full and complete as it should have been, yet all the papers were filed with the county clerk as one document, and the certificate of the town clerk was to the effect that the last portion thereof was a copy of the record of the town meeting.  The other instruments which preceded the copy of the record and were attached thereto did not bear the file-mark of the town clerk, as the original of the commissioners' certificate of levy should have done.  We think, under these circumstances, the presumption would be that the instrument filed showing the commissioners' levy was a copy, and not the original.  This case is in this way distinguished from *People* v. *Belleville and Eldorado Railroad Co.* 232 Ill. 454, where there was nothing whatever to show that the papers filed with the county clerk were copies rather than

originals. In other cases relied upon by appellant the originals were, in fact, filed with the county clerk. The court was right in permitting the amendment of the town clerk's certificate. *Toledo, St. Louis and Western Railroad Co.* v. *People,* 225 Ill. 425.

Forty cents on the $100 of this road and bridge tax is further objected to on the ground that the certificate of the highway commissioners to the auditors and assessor does not state the existence of a contingency, within the meaning of section 14 of chapter 121, Hurd's Revised Statutes of 1905. This certificate recites that in the opinion of the commissioners the additional levy is necessary "in view of the contingency that it is necessary, on account of their destruction, to re-build immediately nine bridges." The location of each bridge is then given, and it is further stated that to repair them will cost the town $1890, and that it will take all of the levy of sixty cents to pay for other repairs and road work. It is urged against this certificate that the necessity of re-building bridges that have been destroyed does not create a contingency unless the bridges were destroyed by storm or fire or some like event, and that the certificate is entirely consistent with the destruction of the bridges by the natural processes of decay, in which event, it is urged, no additional levy is authorized by the law.

In *Toledo, St. Louis and Western Railroad Co.* v. *People,* 226 Ill. 557, we said the contingency contemplated is something that does "not occur regularly in the ordinary course of events." In *People* v. *Peoria and Pekin Union Railway Co.* 232 Ill. 540, one of the contingencies mentioned in the certificate was the necessity of providing for the protection of the piers of a certain bridge. We held this did not show the existence of a contingency; that if the necessity arose from the action of such high water as occurs occasionally every year, or from the wash of ordinary rainfall or other like causes, no contingency existed, while if the necessity resulted from a change in the course

of the stream, or from some other like unexpected cause, a contingency did exist. Tested by these cases the certificate now before us does not satisfy the statute. Whether the destruction of the bridges creates a contingency depends entirely upon the character of the forces which worked the ruin, and this the certificate fails to show.

Appellee demurred to the objections. Upon the demurrer being overruled it moved to strike the objections from the files. Upon the denial of that motion it moved to compel the appellant to elect upon which of its several objections it would proceed. This motion was also overruled. The appellee by assignment of cross-error questions each of these three rulings. These various dilatory steps taken by appellee seem to have been the result of its view that the objections were "double;" that the objections to each tax should be tried in a separate proceeding distinct from the trial of the objections to each other tax, and that the objections to the several taxes should not be joined in the same proceeding. Where there is but one application by the taxing power, and all objections, as in this case, are made by the same property owner, the objections may properly be joined and heard in the same proceeding although several taxes be involved. Such has been the universal practice for more than thirty years, and it will not be changed now. The statute provides that these objections shall be heard and determined "in a summary manner, without pleadings," and the courts should not allow applicants to interfere with the right so conferred upon the property owners by pleading as at common law or by the interposition of technical rules of the common law which do not go to the merits of the objections. Illegal taxation is unjust taxation. The man who is illegally taxed has placed upon him an unfair burden. He must either pay the wrongful charge or bear the expense of litigating its validity in a suit with the public. In the conduct of that suit technical opposition by the applicant to the objections should not receive consideration.

The judgment of the county court will be reversed and the cause will be remanded, with directions to sustain the objections as to forty cents on the $100 of the road and bridge tax of the town of Otto, to overrule the objections in every other respect and to enter judgment accordingly.

*Reversed and remanded, with directions.*