THE PEOPLE *ex rel.* I. N. Biebinger, County Treasurer,

*v.*

CINCINNATI, INDIANAPOLIS AND WESTERN RAILWAY CO.

*Opinion filed December 22, 1906.*

1. APPEALS AND ERRORS—*what is not ground for dismissing appeal.* A motion to strike the record, abstract and brief of appellant from the files and to dismiss the appeal because there is no *placita* or convening order of the court preceding the final judgment, and also because no motion nor order for an appeal is shown by the bill of exceptions, will be denied where the *placita,* though not in its proper place nor very specific, sets out the convening order of the court sufficiently for all practical purposes, and the recitals of the order relating to the appeal show that an appeal was allowed without bond.

2. TAXES—*when an item for county tax is insufficient.* An item specified by the county board in making the levy for county taxes as "for payment of county claims (janitor's services, supplies, repairs, improvements and current expenses) $12,000," does-not comply with section 121 of the Revenue act, requiring that when county taxes are levied "for several purposes the amount for each purpose shall be stated separately."

3. SAME—*purpose for which tax is levied should be stated with reasonable certainty.* Authorities proceeding to levy a tax under a statute requiring the purpose for which it was levied to be stated must specify the various purposes with reasonable certainty, although they are not required to describe each purpose minutely.

APPEAL from the County Court of Piatt county; the Hon. F. M. SHONKWILER, Judge, presiding.

A. C. EDIE, State's Attorney, for appellant.

GEORGE W. FISHER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the June term, 1906, of the county court of Piatt county the county collector made application for a judgment and order of sale against the property of appellee, the Cincinnati, Indianapolis and Western Railway Company, for

delinquent county taxes for the year 1905. In making the levy for county purposes the board of supervisors specified five different items for which the taxes were to be extended, the third and fifth of which were as follows:

"*Three*—For payment of county claims (janitor's services, supplies, repairs, improvements and current expenses,) $12,000.

"*Five*—For building bridges, etc., as may be required by law, $5000."

Objections were filed by appellee to each of these items on the ground that they were not sufficiently specific under the requirements of section 121 of the Revenue act. The objection to the third item was sustained and to the fifth overruled, and judgment entered accordingly. To reverse the judgment of the county court for error in sustaining the objection to the third item this appeal has been prosecuted.

A motion has been made by appellee to dismiss the appeal and strike the record, brief and abstract of appellant from the files because there is no *placita* or convening order of the county court preceding the final judgment; also because the bill of exceptions does not show that there was any prayer or motion by appellant for an appeal, or order granting the same. The record is not as full, complete and orderly arranged as it should be. The *placita* is not in its proper place in the record and is not as specific as it should be. It does, however, sufficiently set out the convening order of the court for the June term to answer all practical purposes. What is said of the *placita* may also be said of the order allowing an appeal. Greater care should have been taken in the recitals as to that order, but it shows that an appeal was allowed to this court without bond, and that, we think, is substantially sufficient. The motion to dismiss will be overruled.

Section 121 of chapter 120, (Hurd's Stat. 1905, p. 1662,) after providing that the county boards of the respective counties shall annually, at the September session, determine the

amount of all taxes to be raised for county purposes, requires, that "when for several purposes, the amount for each purpose shall be stated separately." The third item as specified by the board of supervisors does not comply with that requirement. It has embraced in it several different purposes, but the amount to be levied for each is not named or specified. We have recently held in several cases that a tax levied under the foregoing section is illegal and void in the absence of a compliance with the provision that "when for several purposes, the amount for each purpose shall be stated separately." *Chicago, Burlington and Quincy Railroad Co. v. People,* 213 Ill. 458; *Cincinnati, Indianapolis and Western Railway Co. v. People,* id. 197; *Chicago and Eastern Illinois Railroad Co. v. People,* 214 id. 23.

It is insisted, however, on behalf of the appellant, that it is impracticable for the board of supervisors to state specifically the purposes for which the taxes are levied. This question was considered in the cases above cited, and we held in the first case that for the same reason that town meetings and city councils were required by the statute and the decisions of this court to specify the purpose for which the tax was levied, the county board should be required to do so; and we said in *Chicago, Burlington and Quincy Railroad Co. v. People, supra:* "This requirement gives the tax-payer an opportunity to know for what purpose taxes are being levied and collected, and gives him an opportunity, if necessary, to prevent unjust levy and assessment. Taxes raised for county purposes include many different things, and these various amounts and purposes can be ascertained by the county board the same as they are ascertained by other taxing bodies." And in *Cincinnati, Indianapolis and Western Railway Co. v. People, supra,* after citing cases holding that the purpose for which town and city taxes are levied should be specified, we said: "There is no distinction between this case, in so far as it affects the county tax, and cases arising under the statutes authorizing the levy of township and city

or village taxes." These cases are decisive of the question here involved.

We do not wish to be understood as holding that it is necessary in any case to describe minutely each purpose for which the tax is levied, but it is the duty of the authorities levying a tax under a statute which requires the purpose for which it is levied to be stated, to specify the various purposes with reasonable certainty. In this case the third item was levied for the payment of county claims, which would include claims of every kind which might be presented against the county. The statement in parenthesis, "janitor's services, supplies, repairs, improvements and current expenses," is indefinite as to how much is levied for the defraying of the expenses for each of said items and adds nothing to the general statement that the tax is levied for the payment of county claims. In other words, the amount to be expended for janitor's services, supplies, repairs, improvements and current expenses is stated in a lump sum of $12,000, and this, under the foregoing decisions, is insufficient. We are of the opinion, therefore, that the county court properly sustained appellee's objection to that item, and its judgment will accordingly be affirmed.