THE PEOPLE *ex rel.* Joel Mooneyham, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TAXES—*when highway commissioners cannot levy additional tax.* Commissioners of highways cannot levy an additional road and bridge tax, under section 14 of the Road and Bridge act, for road and bridge purposes and to pay outstanding orders, merely because they are of the opinion the regular maximum rate allowed by law for such purpose will be insufficient.

2. SAME—*when additional road and bridge taxes are invalid.* Additional road and bridge taxes levied under section 14 of the Road and Bridge act are invalid where the purpose of the tax is to raise money for the ordinary expense of building bridges, even though such purpose is termed, in the certificate, a "contingency."

3. SAME—*levy to pay "ordinary expenses" of county is invalid.*
A levy of a tax to pay "ordinary expenses" of a county does not
comply with the statute requiring the several purposes and amounts
of a county tax to be stated separately, and as to such item the tax
is invalid.

APPEAL from the County Court of Saline county; the
Hon. A. E. SOMERS, Judge, presiding.

C. S. CONGER, and W. F. SCOTT, for appellant.

D. W. CHOISSER, State's Attorney, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant filed objections in the county court of Saline
county to certain taxes levied for county and road and
bridge purposes when application was made by the county
collector for judgment against it for said taxes. The levy
for county purposes was seventy-five cents on each $100
valuation, "said levy to be appropriated as follows, to-wit:
Twenty (20) per cent to be set aside to pay for the keep-
ing of the paupers of Saline county, Illinois, ten (10) per
cent to pay on old judgments against said county, and the
remainder of said levy to pay the ordinary expenses of said
Saline county, Illinois." Appellant paid its proportion of
the taxes extended under the first two items, for keeping
paupers and to pay judgments against the county, but ob-
jected to the remainder of the levy. Appellant also ob-
jected to a portion of the road and bridge tax levied for the
towns of Rector, Raleigh, Harrisburg and Stone Fort. All
of said towns are under what is known as the cash system.
In each of them the commissioners of highways levied the
sixty cents on the $100 valuation allowed by section 13 of
the Road and Bridge act and attempted to levy an addi-
tional amount under section 14 of said act. It was to this
additional tax attempted to be levied under section 14 that
appellant objected. Its objections to both the county and

the road and bridge taxes were overruled and judgment rendered against its propery for said taxes. From that judgment it prosecutes this appeal.

The certificate for the levy of road and bridge taxes in the town of Rector was for sixty cents on each $100 valuation for road and bridge purposes and to pay outstanding orders. The highway commissioners certified to the board of town auditors and assessor that in their opinion a greater levy than sixty cents on the $100 "is needed in said town in view of the contingency to build a bridge across North Fork creek one mile north of Texas City, not exceeding forty cents on the $100 assessed valuation." In the town of Harrisburg, in addition to the levy of the sixty cents for road and bridge purposes and to pay outstanding orders, the commissioners certified to the board of town auditors and assessor that the additional sum they asked to have levied was desired "to pay for the old iron bridge across Middle Fork creek, upon the upper Harrisburg and Equality road; to build a bridge across the Pankey branch, on the lower Harrisburg and Equality road; to build a bridge across Briar creek, on the Harrisburg and Whitesville road; to pay for building a bridge across Briar creek, on the Harrisburg and Independence road, and to pay for building a bridge across a slough on the Harrisburg and Raleigh road." The additional levy in the town of Raleigh was for the "sole purpose of purchasing and placing across the Middle Fork tributary of Saline river, on the Harrisburg and Raleigh public highway, an iron bridge, and on the same stream on Marion and Eldorado public highway an iron bridge, known as Simpson bridge." In the town of Stone Fort the additional levy to the sixty cents, under section 13, for road and bridge purposes and the payment of outstanding orders, was "for the purpose of building a bridge across Saline river at the railroad tank."

It will be seen that in none of these certificates is it stated any contingency exists which would authorize the

additional levy. All the purposes for which it is made, as stated in the certificates, are the ordinary road and bridge purposes, for which the maximum levy, under section 13, is sixty cents. Commissioners of highways cannot avail of the provisions of section 14 to levy a tax in addition to the maximum rate allowed for road and bridge purposes and to pay outstanding orders because they may be of opinion the maximum rate allowed by law for such purposes will be insufficient. To permit this to be done would be to nullify the statute. Section 14 can only be availed of to meet some contingency, and the certificate must state that the tax is desired to meet a contingency and what the contingency is. (*St. Louis, Alton and Terre Haute Railroad Co. v. People*, 224 Ill. 155; *Toledo, St. Louis and Western Railroad Co. v. People*, 226 id. 557; *People v. Cincinnati, Lafayette and Chicago Railway Co. ante*, p. 363; *People v. Kankakee and Southwestern Railroad Co. ante*, p. 109.) The county court erred in overruling appellant's objections to these taxes.

Section 121 of the Revenue act requires the levy of county taxes, where the tax is levied for several purposes, to state the amount levied for each purpose separately, and we have held this statute must be substantially complied with. (*People v. Cincinnati, Indianapolis and Western Railway Co.* 224 Ill. 523; *People v. Toledo, St. Louis and Western Railroad Co. post*, p. 498; *People v. Kankakee and Southwestern Railway Co. supra; People v. Illinois and Indiana Railroad Co. ante*, p. 377.) A levy to pay the "ordinary expenses" of the county is not a compliance with the statute, and the county court erred in overruling appellant's objections to judgment for this tax.

The judgment of the county court is therefore reversed and the cause remanded to that court, with directions to sustain appellant's objections and refuse judgment for sale.

*Reversed and remanded, with directions.*