The People *ex rel.* N. M. Baird, County Collector, Appellee, *vs.* The Toledo, St. Louis and Western Railroad Company, Appellant.

*Opinion filed December 17, 1907.*

1. Taxes—*what is not a compliance with statute requiring purposes of county tax to be stated separately.* Section 121 of the Revenue act, providing that where county taxes are to be raised for several purposes the various purposes and amounts ·shall be stated separately, is not complied with by the levy of one sum to be distributed, when collected, among different classes of expenses, as the authorities may desire or determine.

2. Same—*levy of county tax for "unpaid claims" is too indefinite.* A county tax levy of a lump sum for "unpaid claims" is not equivalent to a levy for such claims as have been allowed and for which warrants have been drawn but is broad enough to include claims of every kind presented to the county, and is not sufficiently specific to comply with section 121 of the Revenue act.

3. Same—*levies made for "coal, light and water," "judiciary and boarding prisoners" and "contingent expenses" are too broad.* Section 121 of the Revenue act is not complied with by a county board by specifying a lump sum in the tax levy for "coal, light and water," another sum for "judiciary and boarding prisoners" and another for "contingent expenses."

Appeal from the County Court of Coles county; the Hon. T. N. Cofer, Judge, presiding.

Wilson, Warren & Child, for appellant.

John McNutt, Jr., for appellee.

Mr. Justice Farmer delivered the opinion of the court:

·This is an appeal from the judgment of the county court of Coles county overruling appellant's objections to judgment for certain taxes levied for county purposes by the board of supervisors for the year 1906. Among the items levied by said board for county taxes for that year were the·following: "For unpaid claims, $20,000;" "for

coal, light and water, $2000;" "for judiciary and board-
ing prisoners, $6000;" "for contingent, $6000." The total
amount of the taxes levied for those purposes and extended
against appellant was $919.61. It objected to judgment
being rendered for any part of said amount on the ground
"that each of said amounts so levied were for more than
one purpose, and that the amount for each purpose was not
stated separately, as required by section 121 of chapter 120,
Hurd's Revised Statutes, wherefore the said county tax for
said amounts as extended against your objector's property
was illegal and void." The court sustained appellant's ob-
jections to judgment for the taxes extended under the levies
made "for coal, light and water," "for judiciary and board-
ing prisoners" and "for contingent." Appellant's objection
to judgment for taxes extended under the levy "for unpaid
claims" was overruled and judgment entered for $527, the
amount of the tax extended against the appellant under the
levy made for "unpaid claims." From that judgment this
appeal is prosecuted.

Section 121 of the Revenue code reads as follows:
"The county board of the respective counties shall, annu-
ally, at the September session, determine the amounts of
all taxes to be raised for county purposes, the aggregate
amount of which shall not exceed the rate of seventy-five
cents on the $100 valuation of property, except for pay-
ment of indebtedness existing at the adoption of the pres-
ent State constitution, unless authorized by a vote of the
people of the county. When for several purposes, the
amount for each purpose shall be stated separately." It is
contended the levy of taxes "for unpaid claims" is not in
compliance with the requirements of the statute; that when
a tax is levied for several purposes the amount levied for
each purpose must be stated separately. A very similar
question was before us in *People* v. *Cincinnati, Indianapolis
and Western Railway Co.* 224 Ill. 523. In that case the
levy was "for payment of county claims, (janitor's ser-

vices, supplies, repairs, improvements and current expenses,)
$12,000," and it was there held that a levy for the pay-
ment of county claims would include claims of every kind
which might be presented against the county, and that said
levy was not aided by the statement in parenthesis, "jani-
tor's services, supplies, repairs, improvements and current
expenses," as this left it "indefinite as to how much is
levied for the defraying of the expenses for each of said
items and adds nothing to the general statement that the
tax is levied for the payment of county claims." A levy
for the payment of "unpaid claims" is as indefinite and
uncertain as a levy for the payment of "county claims." A
levy for the payment of "unpaid claims" is not the equiva-
lent of a levy for the payment of claims already allowed
and for which orders or warrants had been drawn. It as
much included claims of every kind that might be presented
against the county as did the levy for the payment of
"county claims." It is neither necessary nor practicable
that each particular claim the tax is levied to pay shall be
specifically stated, but as said in *People* v. *Cincinnati, In-
dianapolis and Western Railway Co. supra,* "it is the duty
of the authorities levying a tax under a statute which re-
quires the purpose for which it is levied to be stated, to
specify the various purposes with reasonable certainty."
Cases holding that a grant of power to levy taxes must be
strictly construed and the methods prescribed by the legis-
lature substantially followed in order to make a tax levy
legal will be found cited in *Chicago, Burlington and Quincy
Railroad Co.* v. *People,* 213 Ill. 458. We are of opinion
the court erred in overruling appellant's objection to the
tax levied "for unpaid claims" and rendering judgment
against it for said tax.

Appellee excepted to the ruling of the court in sustain-
ing appellant's objections to the taxes extended under the
items "for coal, light and water," "for judiciary and board-
ing prisoners," "for contingent," and denying judgment

therefor, and has assigned cross-errors upon said ruling. The statute requires the taxes levied for each purpose to be stated separately, and this requirement is not complied with by the levying of one sum, to be distributed, when collected, among different classes of expenses, as the authorities may desire or determine. It was expressly held in *People* v. *Cincinnati, Indianapolis and Western Railway Co. supra,* that the levy of a lump sum for the payment of county claims, enumerating janitor services, supplies, repairs, improvements and current expenses, was invalid. The reason for requiring the amount for which each tax is levied to be stated separately was stated by the court in *Chicago, Burlington and Quincy Railroad Co.* v. *People, supra,* in the following language: "This requirement gives the tax-payer an opportunity to know for what purpose taxes are being levied and collected, and gives him an opportunity, if necessary, to prevent unjust levy and assessment. Taxes raised for county purposes include many different things, and these various amounts and purposes can be ascertained by the county board the same as they are ascertained by other taxing bodies."

We are also of opinion the item of $6000 levied "for contingent" is not in compliance with the requirements of the statute. It is not within the contemplation of the statute that the board of supervisors should levy large sums for taxes by the use of such indefinite term for uncertain purposes. If it is desired to provide a fund in anticipation of expenses not easily foreseen or determined, it may be that by some definite statement of anticipated expenses a proper levy for a reasonable amount could be made for that purpose, but it certainly cannot be that the levy of a lump sum of $6000 "for contingent" (expenses) is a compliance with the letter or spirit of the statute. *People* v. *Illinois and Indiana Railroad Co. ante,* p. 377; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railroad Co. ante,* p. 209.

In our opinion the court properly sustained appellant's objections to the taxes levied "for coal, light and water," "for judiciary and boarding prisoners" and "for contingent," but erred in overruling its objection to the taxes levied "for unpaid claims." The judgment, therefore, overruling said objection to said tax is reversed and the cause remanded, with directions to the county court to enter judgment sustaining appellant's objection to the tax levied and extended against it "for unpaid claims."

*Reversed in part and remanded.*