THE PEOPLE *ex rel.* L. C. Gish, County Collector, Appellee, *vs.* THE LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1910.*

1. TAXES—*municipal corporations have no inherent power to levy taxes.* Municipal corporations and local governmental subdivisions of the State have no inherent power to levy taxes, as such power is inherent in the legislature and is absolute, except as restrained by the constitution.

2. SAME—*grant of power to levy taxes must be strictly construed.* If any grant of power to tax is made by the legislature to municipal or local authorities they must be able to show their warrant for the exercise of the power in the words of the grant, which must be strictly construed.

3. SAME—*road tax cannot be levied for ordinary purposes in excess of thirty-six cents on the $100 taxable property.* Under the Roads and Bridges act relating to counties under township organization, the highway commissioners have no power to levy a road and bridge tax in excess of thirty-six cents on the $100 of taxable property for any of the ordinary purposes of such a tax, and under section 14 of such act they may levy the additional tax only in case of some unusual or extraordinary event in the nature of a casualty, which does not happen regularly in the ordinary course.

4. SAME—*certificate of commissioners must state what the contingency is for which additional road tax is levied—when insufficient.* The certificate of the highway commissioners for an additional road and bridge tax under section 14 of the Roads and Bridges act must state that the additional tax is desired to meet a contingency and must state what such contingency is, and it is not sufficient to state that it is "on account of rains and floods," as rains are usual and floods due to heavy rains not unusual.

5. SAME—*a particular flood may authorize an additional road tax.* A particular flood may be so extraordinary in its nature and

consequences as to authorize the levy of an additional tax under section 14 of the Roads and Bridges act, but if so, it must be specified in the certificate.

6. SAME—*building of new bridges not connected with any contingency does not authorize additional road tax.* The building of bridges over creeks, which is in no way connected with any contingency such as is contemplated by section 14 of the Roads and Bridges act, does not authorize the levy of an additional road tax.

APPEAL from the County Court of Woodford county; the Hon. JOHN F. BOSWORTH, Judge, presiding.

STEVENS, MILLER & ELLIOTT, (JOHN B. COCKRUM, of counsel,) for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Woodford county overruled the objection of appellant, the Lake Erie and Western Railroad Company, to the excess of the road and bridge tax above thirty-six cents on each $100 of the assessed valuation of its property in the town of Montgomery, and entered judgment and order of sale as applied for by the appellee, the county collector. From the judgment this appeal was prosecuted.

The facts were stipulated as follows: At the semi-annual meeting of the commissioners of highways held on September 7, 1909, they made and presented to the board of auditors and assessor their certificate that "on account of rains and floods" it would be necessary to make a levy, in addition to the levy of thirty-six cents on each $100 valuation, to the amount of $1700 for the purpose of building certain culverts and repairing certain bridges and roads mentioned in the certificate and building two bridges across creeks specified therein, and they asked leave to make an additional levy of twenty-five cents on each $100 of taxable property. The board of town auditors and assessor

248 — 3

thereupon gave their written consent to an additional levy of twenty-five cents on each $100, specifying the same purposes mentioned in the certificate. The commissioners then made a certificate that they required for road and bridge purposes and for the payment of outstanding orders drawn on their treasurer the rate of thirty-six cents on each $100, and also required the rate of twenty-five cents on each $100 for the purpose of building said culverts and repairing said bridges and roads and building said bridges, all of which were specified in the certificate. These papers were filed in the office of the town clerk, and he delivered to the county clerk his certificate that the commissioners of highways had filed in his office a certificate, together with the necessary consent of the board of town auditors and assessor, by which they required the rate of sixty-one cents on the $100 valuation for road and bridge purposes and for the payment of any outstanding orders drawn on them by their treasurer. A tax was extended by the county clerk by virtue of this certificate.

Municipal corporations and local governmental subdivisions of the State have no inherent power to levy taxes. (*Commissioners of Highways* v. *Newell,* 80 Ill. 587.) That power is inherent in the legislature and absolute except as restrained by the constitution, (*City of Bloomington* v. *Latham,* 142 Ill. 462,) and if any grant of power to tax is made by the legislature to municipal corporations or local authorities, they must be able to show their warrant for the exercise of the power in the words of the grant, which are to be strictly construed. The reasonable presumption is that the State has granted, in clear and unmistakable terms, all it has intended to grant at all. (Cooley on Taxation, 209.) Section 14 of the act in regard to roads and bridges in counties under township organization authorizes commissioners of highways, if in their opinion a greater levy than thirty-six cents on each $100 is needed in view of some contingency, to certify the same to the

board of town auditors and the assessor, and if a majority of the entire board consent in writing, an additional levy, not exceeding twenty-five cents on each $100 of the taxable property of the town, may be made. There is no power to levy a tax in excess of thirty-six cents on $100 of taxable property for any of the ordinary purposes of a road and bridge tax, and the contingency contemplated is some unusual or extraordinary event in the nature of a casualty, which does not happen regularly and in the ordinary course. (*People ex rel.* v. *Cairo, Vincennes and Chicago Railway Co.* 231 Ill. 438; *People ex rel.* v. *Elgin, Joliet and Eastern Railway Co.* 243 id. 546.) The certificate of the commissioners must state that the tax is desired to meet a contingency and state what the contingency is. (*St. Louis, Alton and Terre Haute Railroad Co.* v. *People ex rel.* 224 Ill. 155.) The certificate of the commissioners in this case does not specify any particular or extraordinary event, and there is nothing in it which shows that the repairs of bridges have become necessary on account of anything out of the usual and ordinary course of events. The supposed contingency mentioned is "rains and floods," and rains are usual and ordinary events necessitating repairs, and what may be called floods on account of heavy rains are not unusual. Such repairs as are specified may become necessary as a result of heavy rains and consequent floods at any time, and the building of the two bridges over the creeks is not connected in any way with any contingency. A particular flood may be so extraordinary in its nature and consequences as to authorize the additional tax, but if so it must be specified in the certificate. The certificate did not comply with the requirements of the statute and was not a legal basis for the additional tax.

The judgment is reversed and the cause remanded to the county court, with directions to sustain the objection.

*Reversed and remanded, with directions.*