THE PEOPLE *ex rel.* Robert Hewitt, County Collector, Appellee, *vs.* THE KANKAKEE AND SENECA RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*power of county to levy tax need not be given in express terms.* A county board may exercise such power of taxation for county purposes as is fairly implied in or incidental to power expressly given, and it is not essential that the power be given in express terms if it is fairly implied from the language of the statute.

2. SAME—*section 22 of the State Aid Roads act is not the sole source of county's power to raise money for State aid roads.* Section 22 of the State Aid Roads act of 1913 (Laws of 1913, p. 520,) is not the only provision of the act to be considered in determining the intention of the legislature as to the manner in which county boards may exercise the power to raise money for State aid roads.

3. SAME—*county board has implied power to levy tax for State aid roads.* Under section 15c of the State Aid Roads act, providing that it shall be considered a sufficient acceptance of the allotment to a county if the county board shall give notice to the State highway commission that it has assessed a tax to raise its portion of the cost, power to levy a tax to raise such amount is implied, and the county board is not limited to the provisions of section 22 of said act.

4. SAME—*providing a sum of money equal to the allotment to county for State aid roads is a county purpose.* Providing a sum of money equal to the allotment to a county by the State highway commission for State aid roads is a county purpose, within the meaning of section 25 of the act relating to counties.

265 – 32

Appeal from the County Court of Kankakee county; the Hon. A. W. Deselm, Judge, presiding.

W. R. Hunter, (L. J. Hackney, of counsel,) for appellant.

Wayne H. Dyer, State's Attorney, for appellee.

Mr. Chief Justice Cartwright delivered the opinion of the court:

This proceeding was begun in the county court of Kankakee county to obtain judgment against the lands of the appellant for taxes of 1913 alleged to be delinquent. Objections were filed by the appellant to that portion of the county tax levied to raise money for a State aid road, on the ground that the methods specified in the statute were not followed as a basis for the levy of a tax. The objections were overruled and judgment entered, and the record has been brought here for review.

The objections were based on section 22 of the act entitled "An act revising the law in relation to roads and bridges," in force July 1, 1913. (Laws of 1913, p. 520.) That section provides that in case a county board desires that provision be made for the construction of a State aid road it may proceed in either of the methods following:

"(1) In case there be sufficient funds in the county treasury available therefor, the county board may appropriate therefrom sufficient to meet one-half the cost of the improvement.

"(2) If the county board so desires and deems it necessary for the purpose of the improvement herein authorized, the said county board, in the manner now provided by law for issuing bonds for county purposes, may submit to the legal voters of their county the question of issuing such county bonds."

The county board of Kankakee county did not adopt either of these methods but levied the tax in question to raise one-half of the cost of improving highways under the act. The position taken by the appellant is that these two methods are exclusive, and that money must be either appropriated from funds already in the county treasury and available for the purpose, or must be raised by issuing bonds in pursuance of an election. In determining whether that position is correct, and ascertaining the intention of the General Assembly, every provision of the act is to be taken into account and every possible effect given to each.

The general purpose of the act is to provide for the improvement of public highways at the joint expense of the State and the several counties, each contributing one-half. To carry out the scheme, the act first provides for the designation by each county board of highways which shall come under the provisions of the act, and they are to be designated upon a map submitted to the State highway commission. The map may be approved or changed by the commission and is to be returned to the county clerk, the commission retaining a copy. The act then provides for an allotment each year to each county of an amount, to be determined as provided in the act, to defray the cost of constructing State aid roads. Section 15b provides that if any county shall, within six months from the date of the allotment, fail to provide and appropriate an amount equal to the allotment, the amount allotted shall be forfeited by the county. Section 15c provides that it shall be considered sufficient acceptance of the allotment to a county if the county board shall give notice to the State highway commission that it has assessed a tax to raise its portion of the cost, or that it has passed an order submitting to a vote of the people the question of raising an additional tax or issuing bonds for the purpose specified in the act. Beginning with section 16, the act then provides that the county board of any county may initiate

proceedings for the construction of a State aid road along a route that has been designated, by passing a resolution that the public interest demands the improvement of a highway or section thereof, and requesting that it be constructed or improved as provided in the act. That resolution is to be transmitted to the highway commission, which may approve or disapprove of the improvement proposed by the county board making the application. If the commission decides in favor of the construction or improvement of the public highway or section, surveys, plans, specifications and estimates are to be made, after which the commission is to finally determine whether the construction or improvement shall be made. The determination is to be transmitted to the county board, and section 22 then provides that the county board may adopt a final resolution, which shall not thereafter be rescinded or annulled, either directly or indirectly, except under the advice and with the consent of the commission. This is followed by the provision above quoted and relied upon by appellant.

It will be readily seen that section 22 is not the only section to be considered in determining the intention of the General Assembly as to the manner in which county boards may exercise the power to raise money for State aid roads. In deciding the question presented we are to be governed by the established rule that laws authorizing taxation are to be strictly construed, and where a statute prescribes a certain method to be adopted to subject property to the burden of taxation, that method must be substantially complied with before the property can be taken and sold. (*People* v. *Chicago and Illinois Midland Railway Co.* 260 Ill. 624.) The authority to levy a tax must clearly appear to have been conferred by law upon any board or officials assuming to exercise it. (*School Directors* v. *Fogleman*, 76 Ill. 189.) This court stated the correct rule in *Wheeler* v. *County of Wayne*, 132 Ill. 599, and repeated it in *Stevens* v. *Henry County*, 218 id. 468, as

follows: "Counties can only exercise such powers, first, as are granted by express words; second, those necessarily or fairly implied in or incident to the powers expressed; and third, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable." Under that rule the county board may exercise such power of taxation as is fairly implied in or incident to power expressly given, and it is not essential that the power be given in express terms if it is fairly implied from the language of the statute. (*Peoria, Decatur and Evansville Railway Co.* v. *People*, 116 Ill. 401.) Power is expressly given to county boards by section 25 of chapter 34 of the Revised Statutes of 1874 to levy and collect taxes for county purposes, including all purposes for which money may be raised by taxation, not exceeding the limit of seventy-five cents on the $100 valuation of taxable property fixed by that section and by section 8 of article 9 of the constitution. It cannot be, and is not, denied that providing an amount equal to the allotment of the State highway commission for the construction or improvement of public highways is a county purpose. The act in question provides that the allotment shall be forfeited unless accepted within six months, and that the acceptance may be by a notice that a tax has been assessed by the county board to raise an amount equal to the allotment. Of course, a board could not give notice that a tax had been assessed unless the fact existed, and the fact could not exist and an amount equal to the allotment to the county be raised in that way unless such a tax would be a proper charge against the taxable property of the county.

No other conclusion than that the General Assembly intended to give the county board power to assess a tax can be reached. County boards have express power to raise money for county purposes by levying taxes within the constitutional and statutory limit, and inasmuch as the General Assembly has conferred authority to accept allotments for

a county purpose by raising an equal amount, it is a necessary implication that they have power to levy taxes to accomplish that object. It is true that by section 15c an acceptance may be made by notice that the question of an additional tax or issuing bonds has been submitted to a vote of the people and that the proposition might be rejected at an election and the acceptance thereby fail, but that does not affect the question whether a tax is valid where the county board determines upon that method which will surely raise the amount required.

Considering all the provisions of the act, we conclude that the methods mentioned in section 22 are not exclusive, and that the court did not err in overruling the objections.

The judgment is affirmed.            *Judgment affirmed.*