THE PEOPLE *ex rel.* Oscar Miller, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*it is the levy, and not the intention in making it, which controls validity of tax.* It is the levy, and not the intention existing in the minds of the authorities in making it, which controls the validity of the tax.

2. SAME—*the amount levied for roads and amount levied for bridges should be stated separately.* An item of a county tax levy in the lump sum of $10,000 for roads and bridges is invalid, as the amount levied for roads and the amount levied for bridges should be stated separately.

3. SAME—*county board may levy tax for State aid roads.* A county board may levy a tax for State aid roads under its powers of general taxation, notwithstanding a proposition to raise money for State aid roads by issuing bonds has been voted upon by the people and defeated.

APPEAL from the County Court of Massac county; the Hon. WILLIAM F. SMITH, Judge, presiding.

COURTNEY, HELM & HELM, (W. W. BARR, of counsel,) for appellant.

FRED R. YOUNG, State's Attorney, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from a judgment and order of sale of the county court of Massac county on the application of appellee, the county collector of said county, against the property of appellant, the Illinois Central Railroad Company, for certain taxes extended against appellant's property for the year 1913. At its September meeting the board of county commissioners levied a tax for all county purposes, aggregating $37,325. One of the items making up this aggregate was a tax levied for "roads and bridges, $10,-000." The portion of this tax extended against appellant's property amounted to $492.54. Appellant objected to this tax, but its objections were overruled, judgment rendered against it for the tax, and from that judgment this appeal is prosecuted.

At the July, 1913, meeting the county commissioners passed a resolution recommending that certain highways in the county be designated and known as State aid roads. At its September meeting the board of county commissioners ordered an election held in Massac county, at the general election to be held November 4, 1913, upon the question of issuing bonds to the amount of $30,000 for the purpose of raising money to pay outstanding indebtedness, amounting to $25,000, and $5000 to be expended upon State aid roads. The proposition to issue the bonds was defeated at the election. The allotment made by the State highway commission to the county of Massac for State aid roads was $1480. At the March, 1914, meeting of the commissioners the board adopted a resolution notifying the State highway commission of the acceptance of the allotment to be used in the construction of State aid roads and that the commissioners had submitted to a vote of the people the question of issuing bonds for the purpose of raising the county's portion of the cost of State aid roads. It will be observed that the election had been held and the proposition of issuing bonds had been

voted down before this resolution was passed and notice given to the State highway commission.

The board had authority to levy a county tax for roads. (*People* v. *Kankakee and Seneca Railroad Co.* 265 Ill. 497; *People* v. *Jacksonville and St. Louis Railroad Co.* 265 id. 550.) It had authority to levy a county tax for bridges. The only objection of appellant necessary to refer to, is that the board· of county commissioners did not comply with section 121 of the Revenue act by designating the amounts, separately, for each purpose the tax was levied. Appellee contends that as the board had authority to levy a tax .for bridge purposes it is to be presumed that the levy was for bridges, alone; that notwithstanding it was designated in the levy for roads and bridges. it is to be considered as for the single purpose of bridges. Whatever force there might be in the contention if the county board had no authority whatever to levy a tax for roads need not be considered, for the board did have authority to levy a tax for State aid roads. In the exercise of its authority to levy a tax for roads and a tax for bridges it levied a lump sum of $10,000 for both purposes combined. Under numerous decisions of this court such a levy has been held invalid. (*People* v. *Cincinnati, Indianapolis and Western Railway Co.* 224 Ill. 523; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 id: 209; *People* v. *Vogt,* 262 id. 170.) It is no answer to say that the purpose of the levy was for bridges, only. It is the levy that controls, and not the intention existing in the minds of the authorities making the levy.

The judgment is reversed and the cause remanded to the county court, with directions to sustain the appellant's objections.          *Reversed and remanded, with directions.*